UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | **2:20-cv-11124-JGB (MAA)** | Date: **June 22, 2021** |
|---|---|---|

| Title | **Anna Neal Negrete v. Los Angeles County et al.** |
|---|---|

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** Order to Show Cause Why the Lawsuit Should Not Be Stayed Pursuant to *Younger* Abstention

On December 7, 2020, Plaintiff Anna Neal Negrete ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging violations of her civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.) On December 10, 2020, the Court granted Plaintiff's Request to Proceed Without Prepayment of Filing Fees. (ECF No. 4.) On March 18, 2021, the Court screened and dismissed the Complaint with leave to amend. (ECF No. 12.)

On April 20, 2021, Plaintiff filed a First Amended Complaint ("FAC"). (FAC, ECF No. 13.) The FAC is filed against Los Angeles County, by and through Los Angeles County Department of Children and Family Services ("DCFS"), Los Angeles County Department of Mental Health ("DMH"), Kedren Acute Psychiatric Hospital & CMHC ("Kedren"), and Los Angeles County Counsel ("LACC"); six employees of DCFS; three employees of Kedren/DMH; County Counsel employed by LACC; Children's Law Center of California ("CLCC") and one of its employees; and twelve Doe Defendants (each, a "Defendant," and collectively, "Defendants"). (FAC 2–5.)[1] The FAC alleges that Defendants submitted false statements and fabricated evidence in connection with the unlawful removal of Plaintiff's adopted child, N.W.N., and throughout the juvenile dependency proceedings, and deprived Plaintiff of her parental rights. (*See generally* FAC.) The FAC asserts five claims: (1) violation of the First Amendment due to the use of deception and fabrication of evidence in juvenile dependency proceedings and loss of familial association; (2) Fourth Amendment wrongful taking; (3) *Monell* claim against Los Angeles County for violation of the

---

[1] Citations to pages in docketed documents reference those generated by CM/ECF.

Fourteenth Amendment during the juvenile dependency proceedings; (4) violation of Fourteenth Amendment substantive and procedural due process with respect to the juvenile dependency proceedings; and (5) intentional infliction of emotional distress.  (*Id*. at 29–42.)  Plaintiff seeks compensatory, general, and punitive damages  (*Id*. at 42.)

The FAC states that Plaintiff "has filed and sought appellate review" (*id*. at 2) and that "this matter is still pending in the Juvenile Court" (*id*. at 30).  As this lawsuit asserts constitutional violations with respect to ongoing state proceedings, it appears to be subject to *Younger* abstention.

Federal courts have limited jurisdiction, and the burden of establishing jurisdiction is on the party claiming jurisdiction.  *See Abrego v. Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006).  A district court has an obligation to inquire sua sponte into subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.  *See United. Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).  *Younger* abstention is "rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008).  "The notion of 'comity' includes 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" *Middlesex Cnty.*, 457 U.S. at 431 (quoting *Younger*, 401 U.S. at 44).

In civil cases, *Younger* abstention is required when "state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).  If these "threshold elements" are met, district courts then consider "whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id*.  Exceptions to *Younger* abstention arise if bad faith, harassment or some other

extraordinary circumstances in the state proceedings would make abstention inappropriate. *See Middlesex Cnty.*, 457 U.S. at 437.

Each of the *Younger* elements appears to be met in this case. First, the claims relate to juvenile dependency proceedings that are ongoing in California state court. (*See* FAC 2, 30.) Second, child custody and juvenile dependency cases are quasi-criminal enforcement actions subject to *Younger*. *See Moore v. Sims*, 442 U.S. 415, 423 (1977) (holding that claims related to ongoing juvenile proceedings in state court are properly dismissed in federal court under the *Younger* doctrine); *Sprint Commc'ns, Inc. v. Jacobs*, 68, 79 (2013) (citing *Moore* as a type of quasi-criminal enforcement action subject to *Younger* abstention because it is a "state-initiated proceeding to gain custody of children allegedly abused by their parents"). Third, the state proceedings implicate important state interests. "Family relations are a traditional area of state concern," and "federal courts have no general jurisdiction" "in the field of domestic relations." *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (explaining that a federal civil rights action alleging that a state court violated plaintiff's due process rights in a custody proceeding "is precisely the type of case suited to *Younger* abstention"). Fourth, the state proceedings provide Plaintiff an adequate opportunity to raise her constitutional claims. *See, e.g., Sanders v. Dep't of Children & Family Servs.*, No. CV 13-8839-SVW (AGR), 2014 U.S. Dist. LEXIS 41361, at *8 (C.D. Cal. Feb. 10, 2014) (concluding that "nothing prevents" Plaintiff from raising her federal claims in California state court child dependency proceedings). Fifth, "a" determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings." *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004). Finally, the FAC does not describe any "exceptional circumstances" to warrant the Court's interference with the state court dependency proceedings. A claim of constitutional error during the ongoing state proceeding, by itself, is insufficient to invoke an exception to *Younger* abstention. *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003) ("[T]he constitutional dimension of the error claimed does not, by itself, constitute an exception to the application of *Younger* abstention.").

"Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires dismissal of the federal action*." Beltran v. California,* 871 F.2d 777, 782 (9th Cir. 1988). *"*[A]n abstention-based stay order, rather than a dismissal, is appropriate when damages are at issue." *Gilbertson*, 381 F.3d at 975.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. **2:20-cv-11124-JGB (MAA)**            Date: **June 22, 2021**

Title    **Anna Neal Negrete v. Los Angeles County et al.**

       For the reasons above, it appears that *Younger* abstention applies to this case. Because Plaintiff seeks damages, a *Younger* stay is appropriate. However, out of consideration for Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to respond before issuing a recommendation that the lawsuit be stayed pursuant to *Younger*.

       Plaintiff is **ORDERED** to show cause in writing by no later than **July 22, 2021** why this Court should not recommend that this lawsuit be stayed based on the *Younger* abstention doctrine. Plaintiff may satisfy this Order by filing a written response containing one of the following: (1) an admission that this lawsuit is barred by the *Younger* abstention doctrine; or (2) a response arguing why this lawsuit is not subject to *Younger* abstention.

       Instead of filing a response to this Order, Plaintiff may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a). The Clerk is directed to attach a form Notice of Dismissal for Plaintiff's convenience.

       **Plaintiff is advised that failure to comply with this Order will result in a recommendation that the lawsuit be dismissed for failure to prosecute and/or comply with court orders**. *See* **Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**

It is so ordered.

Attachments
Notice of Voluntary Dismissal Form